

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00012-CR

___

MARK HOFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C35612-CR, Honorable Amanda Doan Putman, Presiding

___

February 13, 2017

## Concurring Opinion of Chief Justice Quinn

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I would overrule the first issue for the reason stated in the opinion of Justice Pirtle, and I would overrule the second issue for the following reason.

Though I have concerns with whether the officer's question was improper interrogation, I assume it to be so for purposes of this argument. My major concern involves the existence of harm even if the question and answer were inadmissible.

Evidence other than appellant's statement regarding his ingestion of methamphetamine illustrated that he attempted to hide, destroy or otherwise tamper

with evidence of a crime.  Officers located him in a bedroom.  In that bedroom, they also found "a little baggy with substance, methamphetamine, and a methamphetamine pipe and some prescription pills."  More importantly, one or more of them "observed him . . . to ingest methamphetamine" as they entered the bedroom.  That resulted in appellant immediately being placed in custody because they realized he was eating evidence.

"It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged. *Kulhanek v. State*, No. 13-15-00265-CR, 2016 Tex. App. LEXIS 12150, at *10 (Tex. App.—Corpus Christi-Edinburg Nov. 10, 2016, no pet.) (mem. op., not designated for publication) (citing *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998)).  While there was no actual admission into evidence at trial of appellant's response to the officer's purported interrogation of him while in custody, *Kulhanek* is instructive, nonetheless.  Other evidence besides that which appellant sought to suppress illustrated his guilt for the charged offense.  Drugs were believed to be in appellant's possession.  The drug was believed to be methamphetamine.  Appellant was found in the house being searched for methamphetamine and seen possessing what appeared to be drugs.  So too was he seen eating those drugs.  The overwhelming weight of that evidence prevents me from concluding that the trial court's refusal to grant his motion to suppress affected a substantial right or his decision to plead guilty.  Even if the response in question was suppressed, enough evidence existed to more than assure his conviction.  And given the totality of the record, it would be mere speculation on my part to believe appellant ignored that quantum of evidence in deciding to plead guilty

and rather relied simply on the trial court's refusal to suppress redundant evidence. Consequently, I would overrule both issues and affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.